**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MAXUS LEASING GROUP, INC.** | ) | **CASE NO. 1:05CV1697** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **OMNI ENERGY SERVICES CORP.** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion for Judgment on the Pleadings (ECF DKT #15) filed by Maxus Leasing Group, Inc. ("Maxus") and the Motion for Partial Summary Judgment (ECF DKT #16) filed by Omni Energy Services Corp. ("Omni") Upon careful review of the briefs, arguments and documents submitted, this Court grants the Motion for Partial Summary Judgment; and further finds that the Settlement Agreement and Release (filed under seal as ECF DKT #13) does not encompass the issues raised by the Maxus Lease Proposal and that the first-filed litigation in Louisiana may proceed.

## **I. FACTUAL AND PROCEDURAL BACKGROUND**

The above-captioned lawsuit was filed in response to a lawsuit filed by Omni in the United States District Court for the Western District of Louisiana, in which Omni seeks the return of a deposit paid to Maxus for the financing of a transaction which did not close. Maxus seeks a declaration from this Court that the Settlement Agreement and Release requires disputes between the parties to be litigated in this Court and that Omni is not entitled to the return of its deposit under the Maxus Proposal.

In March of 2004, Maxus and Omni entered into a Master Lease Agreement ("Master Lease") for a total of three helicopters. After signing that agreement, Omni asked Maxus to separately finance a fleet of helicopters. The "Lease Proposal" submitted to Omni, provided that, upon its execution, Omni would pay Maxus a security deposit of One Hundred Nine Thousand Dollars ($109,000). The Proposal was executed and the deposit was paid.

In late 2004, Omni defaulted on the three helicopter leases under the Master Lease and Maxus filed suit. In the midst of the litigation, Omni announced that it had obtained financing from other sources and intended to reduce its fleet of helicopters. The Lease Proposal from Maxus contemplated that if the transaction for the fleet of helicopters were not fully closed, Maxus would retain the deposit as liquidated damages.

In order to avoid the risk and expense of litigation, but without admitting liability under the Master Lease for the three helicopters, Maxus ("Lessor") and Omni ("Lessee") entered into a Settlement Agreement and Release, effective March 7, 2005. The Settlement Agreement was drafted and executed with the advice of "competent legal counsel"; was deemed confidential; and was required to be "governed by and interpreted, construed and determined in accordance

with, the internal laws of the State of Ohio." The parties submitted to the exclusive jurisdiction of the United States federal or state court sitting in Cuyahoga County, Ohio. Further, Maxus dismissed its lawsuit promptly after the document was signed. The crucial clause for this Court's consideration is paragraph #11:  "This Settlement Agreement constitutes the entire agreement among the parties hereto with respect to the subject matter hereof, and all prior discussions, negotiations and understandings are superseded and merged herein. Any amounts previously paid by Lessee to Lessor . . . for any purpose shall be retained by Lessor . . ."

Subsequently, in May of 2005, Omni filed a complaint against Maxus in the United States District Court for the Western District of Louisiana, which sought the return of the Lease Proposal deposit of One Hundred Nine Thousand Dollars ($109,000). Maxus moved to dismiss or to transfer venue, based upon the provision of the Settlement Agreement reciting that Ohio law and Ohio federal or state courts shall govern disputes directly or indirectly arising out of the Settlement Agreement. Chief Judge Haik of the United States District Court for the Western District of Louisiana ruled: "As such, this case is hereby STAYED pending a ruling from the Ohio District Court as to whether the Settlement Agreement and Release between the parties encompasses the issues presented in the above captioned matter."

## II. LAW AND ANALYSIS

### DECLARATORY JUDGMENT

Maxus initiated the instant lawsuit with a complaint for declaratory judgment. The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any

interested party seeking such declaration." 28 U.S.C. § 2201. Nevertheless, the Supreme Court has reiterated the discretionary nature of the Act. In *Public Affairs Press v. Rickover*, 369 U.S. 111, 82 S.Ct. 580, 7 L.Ed. 2d 604 (1962), the highest court opined: "The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Brillhart v. Excess Ins. Co.* 316 U.S. 491, 494, 499 [62 S.Ct. 1177-78, 86 L.Ed.. 1620 (1942)]. Put another way, the declaratory judgment statute "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Green v. Mansour*, 474 U.S. 64 at 72 (1985).

In this federal circuit, declaratory judgments are favored when (1) the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and when (2) it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. *Grand Trunk W.RR. Co. v. Consolidated Rail Corp*., 746 F. 2d 323 at 325-326 (6th Cir. 1984). Consequently, if neither of these factors is satisfied, then the court should decline to grant the declaratory relief.

## JUDGMENT ON THE PLEADINGS

Pursuant to Federal Rule of Civil Procedure 12(c), "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." If after reviewing the complaint and answer, no set of facts can support a defense of the case, judgment may be entered for the plaintiff. *See Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F. 2d 434, 436 n.1 (6th Cir. 1988).

## SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) requires the granting of summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247 (1986). Further, only factual disputes that might affect the outcome of the suit under the governing substantive law will be considered material for purposes of determining whether summary judgment is proper. *Anderson*, 477 U.S. at 248. Nevertheless, when the words of a contract are clear and unambiguous, interpretation is a matter of law and there is no issue of fact to be determined. *Alexander v. Buckeye Pipe Line Co.*, 374 N.E. 2d 146, 150 (Ohio 1978).

**CONTRACT CONSTRUCTION**

Under Ohio law, "the intent of the parties [to a contract] is reflected in the language used in the [contract]. The court looks to the plain and ordinary meaning of the language used in the [contract] unless another meaning is clearly apparent from the contents of the [contract]." *Westfield Ins. v. Galatis*, 100 Ohio St. 3d 216 (2003). "Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." *In re All Kelley & Ferraro Asbestos Cases*, 104 Ohio St. 3d 605 (2004).

Maxus asserts that the term "any" conveys no limitation whatsoever. So, in Maxus' view, "any amounts previously paid . . . for any purpose" does not refer only to the Master Lease of the three helicopters, which is the subject matter of the Settlement Agreement, but necessarily refers to the parties' separate Lease Proposal and the deposit paid. Moreover, Maxus argues that the monies paid by Omni under the Lease Proposal were paid six months prior to the execution

of the Settlement Agreement. If Omni believed that it had the right to a refund, then, according to Maxus, it could have and should have raised it before signing the broadly-worded Settlement Agreement.

Omni agrees with the basic rules of contract interpretation as cited by Maxus.  That is, where the terms of a contract are clear and unambiguous, a court cannot create a new contract by finding an intent not expressed in the language the parties employed.  *Alexander*, 374 N.E. 2d at 150.  Further, Omni concedes that words should be read in context and given their usual and ordinary meaning, and any ambiguous language shall be interpreted against the drafter.  *McKay Mach. Co. v. Rodman*, 228 N. E. 304, 307 (Ohio 1967).  Contracts must be read as a whole, ascertaining the intent of the parties from the entire document.  *Foster Wheeler Enviresponse, Inc. v. Franklin County Conv. Facilities Auth.*, 678 N.E. 2d 519, 526.  The words are applied as written,"unless some other meaning is clearly intended from the face or overall contents of the instrument."  *Alexander, supra*.  However, here is where Omni and Maxus part company.

Omni correctly points out that the Settlement Agreement outlines the sale of one aircraft, the return of two other aircraft, and the release of liens against all three. Nowhere, even in the pages of attachments and exhibits, is the fleet of helicopters or the Lease Proposal mentioned. The "Leases", "Aircraft" and "Pending Litigation" are all terms defined in the Settlement Agreement; and the definitions do not mention the Maxus Proposal, the fleet of helicopters, nor the security deposit.  The sentence concerning "amounts previously paid", which is the crux of this Court's examination, is included in paragraph #11, which can best be identified as the merger and integration clause, and which is limited to "the subject matter hereof."  The "subject matter hereof" is the Master Lease of the three helicopters.  Per that merger and integration

clause, "all prior discussions, negotiations and understandings" are merged – **not all prior contracts or agreements**. This Court cannot presume that Maxus and Omni intended to merge **all** agreements they entered into at **any** time with regard to **any** aircraft.

Drawing the intent of the parties from the overall content of the entire document, giving the words their ordinary, commonplace meaning, and applying the definitions and terminology as crafted by the parties with the assistance of their counsel, this Court holds that the most reasonable, contextual interpretation of the Settlement Agreement and Release is that it does **not** encompass the issues raised by the Maxus Lease Proposal and that the first-filed litigation in Louisiana may proceed.

The position put forth by Maxus Leasing Group regarding the all-inclusive connotation of the term "any" is not wholly without merit; but, treating the monies paid under the Lease Proposal as governed by the provisions of the wholly separate Settlement Agreement before this Court creates two viable, yet conflicting, contract interpretations. That is the very definition of ambiguity. Any ambiguity must be construed against the drafter (initially Maxus), which leads this Court to the same inevitable result.

### III. CONCLUSION

The Court will not re-write the bargain these sophisticated, counseled parties made. The Settlement Agreement and Release, and specifically the merger and integration clause, do not encompass the obligations or rights that may arise out of the Maxus Lease Proposal. The Motion of Omni Energy Services Corp. for Partial Summary Judgment (ECF DKT #16) is granted; the

Motion of Maxus Leasing Group, Inc. for Judgment on the Pleadings (ECF DKT #15) is denied; the Court declines to exercise declaratory judgment jurisdiction over the entitlement to the One Hundred Nine Thousand Dollars ($109,000); and the litigation filed before Chief Judge Haik in Louisiana may proceed.

As between two federal courts, with concurrent jurisdiction over the subject matter, the forum, in which the first suit involving the same parties and claims was filed, generally retains jurisdiction. In addition, the forum of the first-filed case is favored "unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise." *Genentech v. Eli Lilly & Co.*, 998 F. 2d 931 at 937-938 (Fed. Cir. 1993). See also, *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc*., No. 00-3183, 2001WL897452, *3 (6th Cir. July 31, 2001). Omni instituted its action in the United States District Court for the Western District of Louisiana in May of this year. The instant declaratory judgment lawsuit was filed by Maxus on June 30, 2005.

In light of this Court's above-recited interpretation of the Settlement Agreement and Release, in the interest of conservation of judicial and litigant resources, in view of the discretionary nature of declaratory judgment jurisdiction, and upon consideration of comity and fairness, the remainder of the above-captioned complaint for declaratory and injunctive

relief is dismissed and the parties may return to the federal court in Louisiana where the parties and issues were first joined.

**IT IS SO ORDERED**.

**DATE:  12/16/05**

 /s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**
(Signed original on file)